UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| OWEN CALDWELL, | ) | |
|           Plaintiff, | ) | |
| | ) | No. 1:18-cv-313 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
|           Defendant. | ) | |
| | ) | |

## ORDER REJECTING REPORT AND RECOMMENDATION

Plaintiff Owen Caldwell, proceeding without the benefit of counsel, initiated the lawsuit by filing an appeal of the final decision denying social security benefits.

On May 30, 2018, the magistrate judge issued a notice and scheduling order, which directed Plaintiff to file his initial brief by June 27, 2018. (ECF No. 9.) The order also directed the parties to file a joint statement regarding consent to assignment to a magistrate judge. On June 6, Plaintiff signed the joint statement requesting the matter be assigned to a district judge. (ECF No. 10.)

On July 25, 2018, having received no brief from Plaintiff, the magistrate judge issued an Order to Show Cause (ECF No. 13), which required Plaintiff to explain his failure to comply with the briefing schedule. Then, on August 7, 2018, still having received nothing from Plaintiff, the magistrate judge issued a report recommending the lawsuit be dismissed for want of prosecution and for failure to follow court orders. (ECF No. 14.) On August 22, 2018, Plaintiff sent a letter to the Court attempting to explain why he not complied with the Court's orders. (ECF No. 15.) The Commissioner has not responded to the letter.

The Court interprets the letter as both a request for an extension of time and as an objection to the Report and Recommendation. Plaintiff requests a "second chance." Plaintiff explains that he was put out of his home in "early May," and has had difficulty getting access to his mail, and that an arrangement has been reached so that he can now get mail. The Court must keep in mind that *pro se* individuals are afforded some leeway.

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure permits a court, on a motion filed after a deadline has passed, to extend the time for a party to accomplish an act. The rule requires both good cause and excusable neglect. *See Century Indemnity Co. v. Begley Co.,* 323 F.R.D. 237, 241-42 (E.D. Ky. 2018). Here, Plaintiff has established good cause. He did not receive the Court's orders because he was unable to access the mail at the address where the orders were sent. As a result, he was unaware of the deadlines. A decision to amend the brief schedule will not prejudice the Defendant. Defendant has been patiently waiting, and has had no reason to file any response brief. Plaintiff has also established excusable neglect. The delay has caused only a minor use of the Court's time and resources. The length of the delay does not pose a substantial danger of prejudice to Defendant. Plaintiff appears to have filed the request for more time in good faith. And, the delay was, at least in part, out of the control of Plaintiff.

Accordingly, the Court will **REJECT** the Report and Recommendation. (ECF No. 14.) Plaintiff has provided a plausible reason for his failure to comply with the briefing schedule. The Court will note that it is Plaintiff's responsibility to keep the Court apprised of situations that may interfere with timely communication and that future requests for

additional time will not be treated favorably. Accordingly, the magistrate judge will issue a new notice and scheduling order.

**IT IS SO ORDERED.**

Date: September 7, 2018 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge