UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN CALDWELL,

        Plaintiff,                                   Hon. Paul L. Maloney

v.                                                    Case No. 1:18-cv-313

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Income Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal

standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 53 years of age on his alleged disability onset date. (PageID.181). He successfully completed high school and worked previously as a furnace operator. (PageID.43-44). Plaintiff applied for benefits on October 7, 2014, alleging that he had been disabled since August 7, 2013, due to gout, back pain, arthritis, hearing loss, psoriasis, and hyperlipidemia. (PageID.181-88, 214). Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.85-179). On March 8, 2017, Plaintiff appeared before ALJ Kevin Vodak. (PageID.52-83). In a written decision dated June 26, 2017, the ALJ determined that Plaintiff was not disabled. (PageID.37-45). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.22-27). Plaintiff subsequently initiated this action, pro per, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) gout; (2) osteoarthritis in the feet; (3) status post total left knee arthroscopy; (4) chronic abscesses; (5) obesity; and (6) bilateral hearing loss treated with hearing aids, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.39-40).

---

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform medium work subject to the following limitations: (1) no more than frequent operation of foot controls bilaterally; (2) no more than frequent climbing of ramps and stairs; (3) no more than occasional climbing ladders, ropes, or scaffolds; (4) no more than occasional kneeling or crawling; (5) no more than frequent stooping and crouching; and (6) no more than a moderate level of noise as defined in the Selected Characteristics of Occupation (SCO).   (PageID.40).

The ALJ found that Plaintiff was unable to perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding.  *See Richardson*, 735 F.2d at 964.   While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added).   This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy.  *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding.   Such was the case here, as the ALJ questioned a vocational expert.

In response to a series of interrogatories posed by the ALJ, a vocational expert reported that there existed approximately 300,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding.  (PageID.282-

302). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

### I. Medical Evidence

In addition to Plaintiff's testimony at the administrative hearing, the administrative record contained records of Plaintiff's statements and medical treatment. The ALJ described this evidence as follows:

> On June 19, 2013, the claimant presented to the emergency department of Lakeland Medical Center with complaints of left foot pain for the past two days (4F/22). On August 15, 2013, the claimant presented to Intercare Community Health Network with complaints of pain in the left foot. He noted that he was let go from his job, which required him to step up and down from a platform 18 to 24 inches high up to 80 times per day. Physical examination revealed antalgic gait and tenderness over the hall of the left foot (3F/13). On November 18, 2013, he indicated that he was using over-the-counter medications for his bilateral foot pain. Physical examination revealed only slight swelling and minimal tenderness to palpation (3F/15).
>
> On May 8, 2014, the claimant reported left shoulder pain and not being able to lift his left arm above his head. Physical examination was unremarkable, and the claimant refused to raise his left arm past shoulder height (3F/23). X-rays of the left shoulder revealed mild degenerative changes of the acromioclavicular joint but was otherwise unremarkable (3F/42). However, on July 31, 2014, he presented with complaints of a rash with no reports of left shoulder impairment (3F/29).
>
> On January 18, 2015, the claimant presented to the emergency department at Lakeland Medical Center with complaints of swelling in the left wrist and numbness on the inside of the left arm. He denied difficulty gripping. He admitted that he was out of his Norco (5F/21). The claimant saw a podiatrist on June 23, 2015 with complaints of feet pain. He was recommended to use custom foot orthotics and molds. He returned on August 25, 2015 with reports of improved foot pain (12F).

> On October 5, 2015, x-rays of the claimant's left knee revealed moderate knee joint effusion and moderate changes of osteoarthritis (15F/62).
>
> On November 3, 2015, the claimant presented with complaints of left knee pain for the past three weeks. He described the pain as mild. Physical examination revealed trace edema of the lower extremities bilaterally and mildly decreased range of motion (16F/62). He underwent a joint injection, which resulted in significant relief (16F/44).
>
> On February 16, 2016, the claimant underwent a left total knee arthroplasty (18F/4). Following the surgery, he reported improvement in his symptoms, but he did report numbness and weakness in the right hand since the surgery. However, physical examination of the right wrist was unremarkable aside from positive Tinel's sign (19F/8). He underwent physical therapy, which helped his pain but he still had stiffness. He continued using a walker in March 2016 (20F/24). He subsequently underwent manipulation on March 29, 2016, after which he reported improvement in all aspects of the knee (22F/8). On May 6, 2016, he reported that was ambulating without any assistive device for the most part (22F/16). He was engaging in physical therapy exercise even on days he was not scheduled for appointments (22F/24). On September 8, 2016, he reported all pain prior to surgery was gone, and physical examination was unremarkable (24F/8).
>
> On December 27, 2016, the claimant was seen after recently slipping on ice and falling on his left knee. However, he only reported some soreness and was able to ambulate without difficulty (34F/5). He went to the emergency room for left knee pain and swelling on January 27, 2017, but these symptoms improved (34F/23).
>
> On February 27, 2017, the claimant presented with complaints of right ankle pain, but this issue had resolved by the time he came to the scheduled appointment (36F).

(PageID.41-42).

**II.      Analysis**

In his brief in support of his appeal, Plaintiff has failed to identify any alleged error in the ALJ's decision.  (ECF No. 18).  Instead, Plaintiff lists his medications, provides contact

information for his care providers, and asserts that he has "been trying" despite his failing health. The Court, however, is not permitted to contact or communicate with Plaintiff's care providers. Instead, the Court is limited to reviewing alleged errors in the ALJ's decision based upon a review of the administrative record that was before the ALJ.  The Court also does not doubt that Plaintiff's health is failing, as such is evident from the administrative record.  However, the relevant question is not whether Plaintiff suffers from severe impairments, but whether such render him incapable of performing any work which exists in significant numbers.  The ALJ analyzed the evidence and concluded that Plaintiff's claim for disability benefits did not satisfy the standard articulated above.  Because Plaintiff has failed to identify any error in the ALJ's decision, he has failed to identify any basis on which this Court can grant him relief.

Nevertheless, in light of Plaintiff's pro per status, the Court has thoroughly reviewed the record to determine whether the ALJ's decision is in any way defective or deficient. This review has revealed nothing which calls into question the ALJ's decision making process, the legal standards he applied, or the substantiality of the evidence in support of his decision. Accordingly, the Court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order.

*See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                              Respectfully submitted,

Date: November 27, 2018                        /s/ Ellen S. Carmody
                                                ELLEN S. CARMODY
                                                United States Magistrate Judge